The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| O'DONNELL/SALVATORI, INC., an Illinois corporation,<br><br>          Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>          Defendant/Counterclaim Plaintiff. | NO. 2:20-cv-00882-MLP<br><br>**DECLARATION OF MARK LAWRENCE LORBIECKI IN SUPPORT OF PLAINTIFF/COUNTERCLAIM DEFENDANT O'DONNELL/SALVATORI, INC.'S MOTION TO REMAND CASE TO KING COUNTY SUPERIOR COURT**<br><br>**NOTED ON MOTION CALENDAR: July 10, 2020** |

I, Mark Lawrence Lorbiecki, declare as follows:

1.    I am an attorney of record for Plaintiff/Counterclaim Defendant O'Donnell/Salvatori, Inc. ("ODS") in the above-entitled action. I make this declaration based on personal knowledge, am over the age of 18 and competent to testify.

2.    I have been the lead counsel for the plaintiff in this matter from before its filing with the King County Superior Court and am aware of every document filed both in the King County and the Western District of Washington cases relating to the instant causes of action. At no time has the plaintiff made any assertion of ownership of any of the Halo soundtracks which

DECLARATION OF MARK LAWRENCE LORBIECKI IN SUPPORT OF PLAINTIFF/COUNTERCLAIM DEFENDANT O'DONNELL/SALVATORI, INC.'S MOTION TO REMAND CASE TO KING COUNTY SUPERIOR COURT - 1
(2:20-cv-00882-MLP)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7116669.1

1  are the subject matter of the Independent Contractor Agreement and the five amendments thereto

2  attached to the Complaint in this matter.

3        3.      Attached as **Exhibit A** is a true and correct copy of an email from Ambika Doran

4  on behalf of Microsoft reporting the extinguishing of obligations to respond to either of

5  Plaintiff's discovery requests and to reply to Plaintiff's response to Microsoft Corporation's

6  Partial Motion to Dismiss Under CR 12(b)(6) referred to in Exhibit B.

7        4.      Attached as **Exhibit B** is a true and correct copy of the Declaration of Ambika

8  Doran in Support of Defendant Microsoft Corporation's Partial Motion to Dismiss Under

9  CR 12(b)(6) with its Exhibit 1 (Confirmatory Work-Made-for-Hire and Backup Assignment

10  Agreement between O'Donnell/Salvatori, Inc., Martin O'Donnell, Michael Salvatori, and

11  Microsoft Corporation on December 14, 2005), which was filed on May 12, 2020 in

12  *O'Donnell/Salvatori, Inc. v. Microsoft Corporation*, King County Superior Court, No. 20-2-

13  06053-4-SEA.  The document is either of an acknowledgement Microsoft's ownership of or an

14  unconditional assignment of all ownership rights in the Halo soundtracks to Microsoft.

15        5.      Attached as **Exhibit C** hereto is a true and correct copy of an Order Granting

16  Motion to Remand (Dkt. 43) entered in Steven *Trubow, et al. v. Donald Morisky, et al.*, United

17  States District Court, Western District of Washington, Case No. 2:19-cv-01670-RAJ on

18  March 26, 2020.

19        6.      Attached as **Exhibit D** hereto is a true and correct copy of the docket at the time

20  of removal for *O'Donnell/Salvatori, Inc. v. Microsoft Corporation*, King County Superior Court,

21  Case No. 20-2-06053-4.

22        7.      Attached as **Exhibit E** hereto is a true and correct copy of an Order Granting

23  Plaintiff's Motion to *Ex Parte* Order to Compel Compliance and for Sanctions (Dkt. 251) entered

24

25

DECLARATION OF MARK LAWRENCE LORBIECKI IN
SUPPORT OF  PLAINTIFF/COUNTERCLAIM DEFENDANT
O'DONNELL/SALVATORI, INC.'S MOTION TO REMAND CASE
TO KING COUNTY SUPERIOR COURT - 2
(2:20-cv-00882-MLP)

7116669.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

1    in *LVB-Ogden Marketing, LLC v. David S. Bingham, et al*., United States District Court, Western

2    District of Washington, Case No. 2:18-cv-00243-TSZ on January 13, 2019.

3

4           THE   FOREGOING   IS   TRUE   AND   CORRECT   TO   THE   BEST   OF   MY

5    KNOWLEDGE, SO STATED UNDER PENALTY OF PERJURY FOR THE STATE OF

6    WASHINGTON AND THE UNITED STATES OF AMERICA.

7           DATED this 18th day of June, 2020, at Seattle, Washington.

8                                              *s/ Mark Lawrence Lorbiecki*
                                               Mark Lawrence Lorbiecki, WSBA # 16796
9                                              **WILLIAMS, KASTNER & GIBBS PLLC**
                                               601 Union Street, Suite 4100
10                                             Seattle, WA 98101-2380
                                               Tel:    (206) 628-6600
11                                             Fax:    (206) 628-6611
                                               Email: mlorbiecki@williamkastner.com
12

13                                             ***Attorneys for Plaintiff/Counterclaim***
                                               ***Defendant O'Donnell/Salvatori, Inc.***
14

15

16

17

18

19

20

21

22

23

24

25

DECLARATION OF MARK LAWRENCE LORBIECKI IN
SUPPORT OF  PLAINTIFF/COUNTERCLAIM DEFENDANT
O'DONNELL/SALVATORI, INC.'S MOTION TO REMAND CASE
TO KING COUNTY SUPERIOR COURT - 3
(2:20-cv-00882-MLP)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7116669.1

1

## <u>CERTIFICATE OF SERVICE</u>

2       I hereby certify under penalty of perjury under the laws of the State of Washington that

3   I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which

4   will send electronic notification of such filing to all CM/ECF participants.

5

6       DATED this 18th day of June, 2020.

7                                           *s/ Mark Lawrence Lorbiecki*
                                            Mark Lawrence Lorbiecki, WSBA # 16796
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DECLARATION OF MARK LAWRENCE LORBIECKI IN
SUPPORT OF  PLAINTIFF/COUNTERCLAIM DEFENDANT
O'DONNELL/SALVATORI, INC.'S MOTION TO REMAND CASE
TO KING COUNTY SUPERIOR COURT - 4
(2:20-cv-00882-MLP)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7116669.1

# Exhibit A

**Lorbiecki, Mark**

| | |
|---|---|
| **From:** | Doran, Ambika <AmbikaDoran@dwt.com> |
| **Sent:** | Wednesday, June 10, 2020 3:38 PM |
| **To:** | Lorbiecki, Mark; Tom Buscaglia |
| **Cc:** | Smith, Lesley; Li, Xiang |
| **Subject:** | ODS v. Microsoft - effect of removal |

Mark and Tom,

As you know, Microsoft filed an answer and counterclaim and notice of removal on Monday.  That means the Superior Court no longer has jurisdiction to decide any pending motions, including Microsoft's partial motion to dismiss and your motion to seal.  In addition, the federal rules "apply to stay and void any discovery requests served and pending in state court, but not yet due."  *Bridgham-Morrison v. Nat'l Gen. Assurance Co*., 2015 WL 12712762, at *3 (W.D. Wash. Nov. 16, 2015). Accordingly, the discovery requests served by Microsoft and by ODS are moot and discovery will need to be served under the federal rules.  We will not expect any responses from ODS on our discovery requests, and you should not expect our responses to your requests.

Please let us know if you wish to discuss any of this.

Regards,
Ambika

**Ambika Kumar Doran** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikadoran@dwt.com | Website: www.dwt.com
Bio: https://www.dwt.com/people/d/doran-ambika-kumar
Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | **Seattle** | Shanghai | Washington, D.C.

# Exhibit B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

The Honorable Johanna Bender
Noted for Hearing:  June 12, 2020, 9:00 a.m.
With Oral Argument

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

O'DONNELL/SALVATORI, INC., an Illinois
corporation,

                Plaintiff,

    v.

MICROSOFT CORPORATION, a Washington
corporation,

                Defendant.

No. 20-2-06053-4-SEA

DECLARATION OF AMBIKA
DORAN IN SUPPORT OF
DEFENDANT MICROSOFT
CORPORATION'S PARTIAL
MOTION TO DISMISS UNDER
CR 12(b)(6)

I, Ambika K. Doran, declare:

    1.     I am a partner in the law firm Davis Wright Tremaine LLP and counsel of record for Defendant Microsoft Corporation in this matter.  I make this declaration from personal knowledge and a review of the files and records in this matter.

    2.     Attached as Exhibit 1 is a true and correct copy of the 2005 "Confirmatory Work-Made-for-Hire and Backup Assignment Agreement."

    I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

    DATED this 12th day of May, 2020.

                      *s/Ambika K. Doran*
                      Ambika K. Doran, WSBA #38237

DECLARATION OF AMBIKA DORAN IN SUPPORT
OF MICROSOFT'S PARTIAL MOTION TO DISMISS - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury under the laws of the State of Washington that I caused

the document to which this certificate is attached to be delivered to the following as follows:

Mark Lawrence Lorbiecki, WSBA #16796          Via King County E-Service & Email
Daniel A. Brown, WSBA #22028
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Email: mlorbiecki@williamskastner.com
        dbrown@williamskastner.com

Thomas H. Buscaglia, WSBA #40305          Via Email
The Game Attorney, PC
23133 Vashon Highway SW
Vashon, WA 98070
Email: thb@gameattorney.com

*Attorneys for Plaintiff*

DATED this 12th day of May, 2020.


                                                    By *s/ Lesley Smith*_____
                                                        Lesley Smith

DECLARATION OF AMBIKA DORAN IN SUPPORT
OF MICROSOFT'S PARTIAL MOTION TO DISMISS - 2

**EXHIBIT 1**

ORIGINAL

**Deal Point No.:** *196018*

### CONFIRMATORY WORK-MADE-FOR-HIRE AND BACKUP ASSIGNMENT AGREEMENT

This Confirmatory Work-Made-For-Hire and Backup Assignment Agreement ("Agreement") is made as of this December 14th, 2005 by and among O'Donnell/Salvatori, Inc., a corporation organized under the laws of the State of Illinois with offices located at 4 Ellyn Court, Glen Ellyn, IL 60137 ("Assignor"), Martin O'Donnell and Michael Salvatori (jointly and severally, "Writers"), and Microsoft Corporation, a corporation organized under the laws of the State of Washington with offices located at One Microsoft Way, Redmond, WA 98052 ("Assignee").

For valuable consideration, receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

WHEREAS, Assignor and Assignee have previously entered into an Independent Contractor Agreement dated August 28, 2002 (such agreement, as amended, including the First Amendment and the Second Amendment, is hereinafter referred to as the "ICA"), whereby Assignor agreed, accepted and acknowledged that the Soundtrack (as defined in the ICA) and all musical compositions, sound recordings, demos, outtakes, and derivative works of any and all of the foregoing, and all other materials and work product that have been, or may in the future be, produced by Assignor under the ICA, including without limitation in connection with the Game (as defined in the ICA), and all underlying elements and versions thereof, and all works of authorship of whatever kind and nature contained therein that are created in whole or in part by Assignor and/or Writers in connection therewith, including without limitation the musical compositions and corresponding sound recordings identified on the attached Schedule A (all of the foregoing, including without limitation the Soundtrack, are collectively referred to hereinafter as the "WORK") shall be deemed a work made for hire, and, to the extent that the WORK (or any portion thereof) for any reason does not qualify as a work made for hire under applicable law, then Assignor assigned all of its rights, titles, interests and ownership in and to the WORK to Assignee;

WHEREAS, Assignor and Assignee hereby desire to confirm and clarify their original intent that the WORK is and shall be deemed a work made for hire by Assignor for Assignee, and, to the extent that the WORK does not qualify as a work made for hire under applicable law, then the WORK is and shall be deemed to have been assigned to Assignee by Assignor pursuant to the terms of the ICA, as confirmed herein below; and

WHEREAS, the parties to this Agreement, in order to avoid any confusion or ambiguity that may exist, wish to confirm that the ICA, together with this Agreement, supersedes and replaces any and all other agreements between Assignor, the Writers and/or any of their affiliates or predecessors in interest, on the one hand, and Assignee and/or any of its affiliates or predecessors in interest, on the other, which other agreements shall hereafter be deemed null and void;

THEREFORE, for good and valuable consideration, the parties agree as follows:

1. Without limiting the generality of the provisions of the ICA, and notwithstanding anything to the contrary contained in any agreement between Assignor, the Writers and/or any of their predecessors in interest, on the one hand, and Assignee and/or any of its predecessors in interest, on the other, Assignor, the Writers and Assignee hereby confirm their original intent that the WORK shall be deemed a "work made for hire" (within the meaning of the United States Copyright Act, as amended, 17 U.S.C. §§ 101, et seq.) for Assignee. Assignor and the Writers agree that Assignee shall be deemed for all purposes to be the author of the WORK from the moment of creation and shall own all rights, title and interests therein (including, without limitation, all copyrights and all renewals and extensions thereof) and the exclusive right, throughout the universe in perpetuity, to distribute, perform, exhibit and otherwise use and exploit

*MICROSOFT CONFIDENTIAL*
*Page 1 of 4*



any and all such rights in any and all media and by any and all methods now known or hereafter devised. Without limiting the generality of the foregoing, Assignor and the Writers agree that Assignee shall own and be exclusively entitled to all works based upon, derived from, or incorporating the WORK, and in and to all income, royalties, damages, claims and payments now or hereafter due or payable with respect thereto, and in and to all causes of action, either in law or in equity for past, present, or future infringement based on the copyrights in and to the WORK, and in and to all rights corresponding to the foregoing throughout the universe. If the WORK or any portion thereof does not qualify as a work made for hire for Assignee under applicable law, then Assignor and the Writers hereby confirm that they have irrevocably transferred and assigned to Assignee, and confirm that they further agree to transfer and assign to Assignee, throughout the universe and in perpetuity, all of their rights, title and interests in and to the WORK, or the applicable portion thereof, and Assignor and the Writers confirm their acknowledgement and agreement that they shall hold no right, title, or interest whatsoever in or to the WORK.  To the fullest extent allowable under any and all applicable laws, Assignor and the Writers hereby irrevocably waive or assign to Assignee Assignor's so-called "moral rights" or "droit moral."  Assignor and the Writers acknowledge and agree that any and all transfers, assignments and grants of rights made hereunder are made without reservation, condition or limitation, that the rights granted herein include, without limitation, so-called rental and lending rights.  Without limiting the generality of the foregoing provisions of this paragraph, Assignor warrants and represents that each and every person or entity engaged by or on behalf of Assignor to contribute to the WORK has been or shall be either (i) a bona fide employee of Assignor working within the scope of his or her employment or (ii) an independent contractor that has signed a legally binding work-for-hire and backup assignment agreement transferring all of such person's or entity's rights to Assignor, such that Assignor is fully entitled to transfer and convey to Assignee all of the rights specified in the foregoing provisions of this paragraph.

2. Assignee, Assignor and Writers further confirm and agree that any and all royalties, payments and compensation due to Assignor and/or Writers shall be solely as set forth in the ICA and, without limiting the generality of the foregoing, except as may otherwise be subsequently agreed to in writing by the parties, no additional royalties, payments or compensation will be due and payable to Assignor and/or Writers for WORK associated with or related to the Game.  Nothing herein is intended to limit any further compensation as may be subsequently agreed upon by the parties in writing.

3.  This Agreement is in no way intended to limit or interfere with any of the rights to which Assignee is entitled under U.S. Copyright law (including without limitation the "work-made-for-hire" doctrine) with respect to the services of any bona fide employee.

In witness whereof, the parties have executed this Agreement, effective this 14th day of December, 2005.

O'Donnell/Salvatori, Inc.

By: _MICHAEL SALVATORI_

Title: _VICE PRESIDENT_

Microsoft Corporation

By: _____

Title: _STUDIO LEAD_

_____
Martin O'Donnell, an individual

_____
Michael Salvatori, an individual

**Schedule A**

I.      Halo Works

Opening Suite
Truth And Reconciliation Suite
Brothers In Arms
Enough Dead Heroes
Perilous Journey
A Walk In The Woods
Ambient Wonder
The Gun Pointed At The Head Of The Universe
Trace Amounts
Under Cover Of Night
What Once Was Lost
Lament For Pvt. Jenkins
Devils... Monsters...
Covenant Dance
Alien Corridors
Rock Anthem For Saving The World
The Maw
Drumrun
On A Pale Horse
Perchance To Dream
Library Suite
The Long Run
Suite Autumn
Shadows
Dust And Echoes
Halo

II.     Halo 2 Works

Halo Theme Mjolnir Mix
Peril
Ghosts or Reach
Heretic, Hero
Flawed Legacy
Impend
Ancient Machine
In Amber Clad
The Last Spartan
Orbit of Glass
Heavy Price Paid
Earth City
High Charity
Remenbrance
Groove 1
Dream
Menace
Bad Dream
Bomay
Afro Perc
Mil Perc
Lo Pulse
Pulse Jig

Hope
Drums
Groove 3
Dirge
Rhythm Shad
Backrhodes
Borealis
Flashback
Helium Queen
Ionizer
Spook 1
Spook 2
Spook 3
Spook 4
Spook 5
Confused
Glue
Hi moans
Lo moans
More Strings
New Chant
Sad Strings
Driven
Stingers
Underwater
Women Choir
Battle End
Heat
Sad Fanfare
Sad Vox Strings
Slow Heat
Slow String Thing

*MICROSOFT CONFIDENTIAL*
*Page 4 of 4*

# Exhibit C

The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN TRUBOW, an individual, MMAS
RESEARCH, LLC, a Washington limited
liability company

        Plaintiffs,

    v.

DONALD MORISKY and SUSAN
MORISKY, husband and wife, PHILLIP
MORISKY, an individual, MARTY
MORISKY, an individual, and MORISKY
MEDICATION ADHERENCE
RESEARCH, LLC, a Nevada limited liability
company.

        Defendants.

No. 2:19-cv-01670-RAJ

**ORDER GRANTING
MOTION TO REMAND**

    This matter is before the Court on Plaintiffs' motion to remand. Dkt. # 15.
Having considered the submissions of the parties, the relevant portions of the record,
and the applicable law, the Court finds that oral argument is unnecessary. For the
reasons stated below, Plaintiffs' motion is **GRANTED**. Dkt. # 15.

ORDER-1

# I.  BACKGROUND

This case involves a dispute between members of a Washington limited liability company, MMAS Research LLC ("MMAS Research").  Dkt. # 1-1.  Plaintiff Steven Trubow and Defendant Donald Morisky were each members of MMAS Research. According to Plaintiffs, MMAS Research "licensed the copyrights and trademarks known as the Morisky Widget, MMAS-8, MMAS-4, the Morisky Mediation Adherence Scale and the Morisky Medication Adherence Protocol." Dkt. # 1-1 at ¶ 2.  In June 2019, Mr. Morisky purportedly withdrew as a member of MMAS Research and gave up his 50% ownership rights in the Morisky Widget.  Dkt. # 1-2 at ¶ 22.  Mr. Morisky also formed a new Nevada LLC, Morisky Medication Adherence Research, LLC ("MMAR").  Dkt. # 1-1 at ¶ 17.

On July 27, 2019, MMAS Research and Plaintiff Trubow filed suit in King County Superior Court, alleging breach of fiduciary duty and tortious interference claims and seeking injunctive and declaratory relief.  Dkt. # 1-1.  Defendants Donald and Susan Morisky and MMAR were served with the complaint on August 7, 2019. Dkt. ## 14-41, 14-42.  The parties proceeded to litigate the case in state court for the next three months. Defendants filed a motion for a protective order, which was denied, and a motion to dismiss Defendant Susan Morisky for lack of personal jurisdiction. Dkt. ## 14-15, 14-27.  The state court reserved ruling on the motion to dismiss pending additional discovery. Dkt. ## 14-39, 14-40.

On October 10, 2019, Plaintiffs filed a motion for entry of default, because Defendants Donald and Susan Morisky had not filed an answer to the complaint.  Dkt. # 14-45.  In response, the Moriskys filed an answer and asserted federal copyright and trademark counterclaims.  Dkt. # 1-2.  On October 17, 2019, the Moriskys also filed a notice of removal with this Court.  Dkt. # 1.  Defendants argue that their federal copyright and trademark counterclaims raise a federal question under 28 U.S.C. § 1331. Plaintiffs now move to remand.  Dkt. # 15.

ORDER-2

## II.   DISCUSSION

### A. <u>Timeliness of Removal</u>

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court.  28 U.S.C. § 1441.  "Federal courts are courts of limited jurisdiction."  *Heacock v. Rolling Frito-Lay Sales, LP*, No. C16-0829-JCC, 2016 WL 4009849, at *1 (W.D. Wash. July 27, 2016).  A district court has "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States."  See 28 U.S.C. § 1331.

Section 1454 of Title 28 provides an independent additional avenue of removal. That section allows removal of any "civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights . . ."  28 U.S.C. § 1454. This provision was "intended to provide federal courts . . . with a broader range of jurisdiction; that is, with jurisdiction over claims arising under the patent [or copyright] laws <u>even</u> when asserted in counterclaims, rather than in an original complaint."  *Vermont v. MPHJ Tech. Investments, LLC*, 803 F.3d 635, 644 (Fed. Cir. 2015) (emphasis in original).  Courts resolve doubts about a federal court's limited jurisdiction against the exercise of jurisdiction.  *Luther v. Countrywide Home Loans Servicing LP,* 533 F.3d 1031, 1034 (9th Cir. 2008) ("A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.").

Although Plaintiff's complaint alleges only state law claims, Defendants argue that their federal counterclaims confer federal jurisdiction over this matter.  The Court need not consider whether this case raises a federal question, however, because Defendants' removal was untimely.  Under either removal statute, Defendants' removal must still comply with § 1446(b), which requires defendants to remove state-court actions to federal court within thirty days of receiving an initial pleading or other document that reveals a basis for removal.  *Jordan v. Nationstar Mortg*. LLC, 781 F.3d

ORDER-3

1178, 1179 (9th Cir. 2015).  In this case, Defendants filed their notice of removal more than thirty days after service of Plaintiffs' complaint.  However, Defendants argue that it was not until they received Plaintiffs' August 27, 2019 discovery request that they identified a basis for removal, and that they promptly moved to remove the action to federal court (albeit still three weeks late).  Dkt. # 27 at 7.

Here, the primary dispute centers around Plaintiffs' definition of the "Morisky Widget."  In the complaint, Plaintiffs alleged "MMAS Research has the legal authority to license to third parties all of the copyrights and trademarks registered or referred to as: the Morisky Widget, MMAS-8 (for derivative electronic works), MMAS-4, the Morisky Medication Adherence Scale, and the Morisky Medication Adherence Protocol."  Dkt. # 1-1 at ¶ 11.  Defendants argue, however, that a subsequent discovery request materially altered the definition of Morisky Widget.  Specifically, Plaintiffs' August 27, 2019 discovery request defined Morisky Widget as:

> The term 'Morisky Widget' means the copyrights and trademarks referred to as: the Morisky Widget, MMAS-8, MMAS-4, the Morisky Medication Adherence Scale, and the Morisky Medication Adherence Protocol and any related intellectual property, including both registered and unregistered copyrights and trademarks, derivatives, electronic applications and software code.

See Dkt. #14-33 at 23.  According to Defendants, this subsequent, more detailed definition of "Morisky Widget" revealed for the first time the "changed definition" of the Morisky Widget "hidden" in Plaintiffs' discovery requests.  Dkt. # 27 at 8.

The Court is unconvinced.  Plaintiffs' August discovery request did not materially alter the scope of Plaintiffs' complaint or the requested relief.  Defendants argue that it is only now clear that Plaintiffs seek to enjoin Defendants from the use of Dr. Morisky's intellectual property.  Dkt. # 27 at 10.  But Plaintiffs' complaint repeatedly references disputes relating to ownership of the Morisky intellectual property.  *See, e.g.* Dkt. # 1-1 ¶ 26 ("Defendant Donald Morisky, as a former member, has certain ongoing debts, obligations and/or liabilities . . . including . . . the formal

ORDER-4

transfer of certain ownership rights for certain intellectual property rights to MMAS Research . . ."); *see also* Dkt. # 1-1 at ¶ 52 ("Plaintiff requests a speedy hearing on the Court's calendar to declare Plaintiff MMAS Research the owner of all Morisky Widget and related intellectual property . . ."); Dkt. # 1-1 at 27 (Certain disputes exist between the parties as to the nature and extent of Defendant Donald Morisky's debts, obligations and/or liabilities, including but not limited to: the parties respective rights to use the Morisky Widget and associated intellectual property rights . . ."). Defendants' argument that they could not possibly foresee that ownership of the Morisky Widget and "related intellectual property" was an issue in this case strains reason. Even if Plaintiffs did not explicitly assert copyright claims, Defendants' purported basis for removal was clearly ascertainable from the complaint at the time it was filed.

Defendants contend that removal is timely because 28 U.S.C. § 1454(b) allows an extension of the 30–day period for "cause shown." "While there is no authority on what constitutes 'cause shown' under 28 U.S.C. § 1454(b)(2) to extend the 30–day time period to remove, at a minimum the standard imposes some burden on the removing party to justify why its tardiness should be excused." *SnoWizard, Inc. v. Andrews*, No. CIV.A. 12-2796, 2013 WL 3728410, at *6 (E.D. La. July 12, 2013). Here, Defendants offer no excuse for their delay in seeking removal, beyond their tenuous claim that Plaintiffs' August discovery request somehow materially altered the scope of the relief requested and raised issues "arising under" federal copyright law that were previously "concealed" by Plaintiffs. Dkt. # 27 at 4. As discussed above, this argument is without merit. Defendants were on notice of the basis for removal when this action was initially filed.[1]

---

[1] Whether Plaintiffs are actually seeking the relief Defendants claim they are seeking is irrelevant. The fact remains – Defendants' basis for removing this action to federal court was ascertainable from the initial complaint.

ORDER-5

In cases like these, it is critical that courts consistently apply the procedural requirements of 28 U.S.C. § 1446 and 28 U.S.C. § 1454 to ensure that parties are not permitted to manipulate these statutes to gain a tactical advantage. Because Defendants have not established cause warranting their delay in filing for removal, Plaintiffs' motion to remand is GRANTED.

## B. **Attorney's Fees**

In their motion to remand, Plaintiffs also request attorney's fees and costs due to improper removal. A party may be sanctioned for its removal under 28 U.S.C. 1447(c), which states, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447. However, a district court "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). That is not the case here. Because it cannot be said Defendants lacked an "objectively reasonable basis" for seeking removal, Plaintiffs' request for attorney's fees and costs is DENIED.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**. Dkt. # 15. This case is **REMANDED** to King County Superior Court. The Clerk of the Court is directed to transmit a copy of the file to King County Superior Court.

DATED this 26th day of March, 2020.

_____

_____

The Honorable Richard A. Jones
United States District Judge

ORDER-6

# Exhibit D

**Date & Time Performed:** Thu Jun 11 2020 10:58:45 PST
**Search Title:** 34102.0101: 20-2-06053-4 - WA Superior King County
**Client/Matter Number:** 34102.0101
**Search Type:** Case Number
**Case Type:** Civil

**COURTTRAX**
**WA - King County Superior Court**
**Case #20-2-06053-4**

---

## SUMMARY

**SCOMIS DATA**

(No data available)

**KCSCRIPT DATA**

**Case:** 20-2-06053-4 SEA
**Case Title:** ODONNELL SALVATORI INC VS MICROSOFT CORP
**Filed:** 03/10/2020
**Filing Type:** CMP-Complaint
**Cause Of Action:** Commerical
**Next Hearing:** Motion Hearing 06/12/2020
**Status:** Active 03/10/2020

---

## NAMES

**SCOMIS DATA**

(No data available)

**KCSCRIPT DATA**

- filed on 03/10/2020

| ODONNELL SALVATORI INC | Relation to Case: | Plaintiff |
| | Represented by: | Brown, Daniel AndrewLorbiecki, Mark LawrenceBuscaglia, Thomas Harold |
| MICROSOFT CORP | Relation to Case: | Defendant |
| | Represented by: | Li, XiangDoran, Ambika Kumar |

---

## SCHEDULE

**SCOMIS DATA**

(No data available)

**KCSCRIPT DATA**

**Hearings:**

| Date Time | Type | Location | Additional Info | Official |
|-----------|------|----------|-----------------|----------|
| 06/12/2020 09:00 AM | Motion Hearing | | DISMISS | |
| 03/08/2021 09:00 AM | Trial Date | Courtroom W739 | | Judge Bender |

**Case Schedule - SubCase:**

| Sub Case | Name | Due Date |
|----------|------|----------|
| - COM - Commercial filed on 03/10/2020 | | |
| Filing Statement of Arbitrability | | 08/18/2020 |
| Confirmation of Joinder if not subject to Arbitration | | 08/18/2020 |
| Hearing Motions to Change Case Assignment Area | | 09/01/2020 |
| Joint Confirmation of Trial Readiness | | 02/16/2021 |
| Exchange Witness & Exhibit Lists & Documentary Exhibits | | 02/16/2021 |
| Engaging in Alternative Dispute Resolution | | 02/08/2021 |
| Discovery Cutoff | | 01/18/2021 |
| Joint Statement of Evidence | | 03/01/2021 |
| Disclosure of Possible Additional Witnesses | | 11/16/2020 |
| Disclosure of Possible Primary Witnesses | | 10/05/2020 |
| Trial Briefs, Proposed Findings of Fact and Conclusions of Law | | 03/01/2021 |
| Hearing Dispositive Pretrial Motions | | 02/22/2021 |
| Change in Trial Date | | 11/30/2020 |
| Trial Date | | 03/08/2021 |
| DEADLINE for Jury Demand | | 11/30/2020 |

**Time Standards:**

| Name | Due Date | Status |
|------|----------|--------|
| No Activity for 12 Months | 03/17/2021 | Active |
| Missed Trial Date | 04/22/2021 | Completed |

---

**DOCKET & DOCUMENTS**

**Docket**

**KCSCRIPT DATA**

**Documents**

| Sub Number | Filed Date | Name | Additional Info | Page | Seal |
|------------|-----------|------|-----------------|------|------|
| 1 | 03/10/2020 | Commercial Complaint | SEALED PER SUB 9 | 48 | |
| 3 | 03/10/2020 | Case Information Cover Sheet | | 1 | |
| 2 | 03/10/2020 | Order Setting Case Schedule - Civil | | 6 | |
| 4 | 03/10/2020 | Summons | | 1 | |
| 5 | 03/11/2020 | Summons | | 2 | |
| 6 | 03/30/2020 | Affidavit / Declaration / Certificate Of Service | | 1 | |
| 7 | 03/30/2020 | Notice of Appearance | OF DEF | 3 | |
| 8 | 03/30/2020 | Affidavit / Declaration / Certificate Of Service | | 1 | |
| 9 | 04/14/2020 | Order Sealing Document | SUB 1 - COMPLAINT | 3 | |
| 10 | 04/14/2020 | Affidavit / Declaration / Certificate Of Service | | 2 | |
| 11 | 04/15/2020 | Complaint | | 48 | |
| 12 | 04/15/2020 | Notice of Association of Counsel | | 3 | |
| 13 | 05/12/2020 | Notice of Hearing | | 2 | |
| 14 | 05/12/2020 | Motion to Dismiss | | 25 | |
| 15 | 05/12/2020 | Declaration | OF AMBIKA DORAN IN SUPPORT OF PARTIAL MOTION TO DISMISS | 7 | |
| 16 | 05/12/2020 | Affidavit / Declaration / Certificate Of Service | | 2 | |
| 17 | 06/02/2020 | Response | | 27 | |
| 18 | 06/02/2020 | Declaration | OF THOMAS H BUSCAGLIA IN SUPPORT OF RESPONSE TO PARTIAL MOTION TO DISMISS | 15 | |
| 19 | 06/08/2020 | Answer and Counter Claim | | 15 | |
| 20 | 06/08/2020 | Joinder | IN MOTION TO SEAL | 2 | |
| 21 | 06/08/2020 | Affidavit / Declaration / Certificate Of Service | | 1 | |
| 22 | 06/09/2020 | Notice | RE REMOVAL NOTICE | 8 | |
| 23 | 06/09/2020 | Affidavit / Declaration / Certificate Of Service | | 1 | |

NOTE: "The Washington State Administrative Office of the Courts and the Washington State courts do not warrant that the information is accurate or correct and deny liability for any damages resulting from the release or use of the data. In order to assure or verify the accuracy of the information or data received, the customer should personally consult the 'official' record reposing at the court of record."

**End of Report**

Copyright 2020 CourtTrax Corporation - info@courttrax.com

# Exhibit E

1

2

3

UNITED STATES DISTRICT COURT
4           WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
5

6   LVB-OGDEN MARKETING, LLC,

7                        Plaintiff,                    CASE NO. 2:18-cv-00243-TSZ

8        v.                                            **ORDER GRANTING PLAINTIFF'S
MOTION FOR *EX PARTE* ORDER
9   DAVID S. BINGHAM, SHARON                           TO COMPEL COMPLIANCE AND
BINGHAM, CHRISTOPHER BINGHAM,               FOR SANCTIONS**
10  CHERISH BINGHAM, KELLY
BINGHAM, BINGO INVESTMENTS,
11  LLC, CCRB ENTERPRISES, LLC, SKBB
ENTERPRISES, LLC, PARK PLACE
12  MOTORS, LTD., HYTECH POWER, INC.,
HENRY DEAN, in his individual capacity
13  and as Trustee for the SHARON GRAHAM
BINGHAM 2007 TRUST, and BGH
14  HOLDINGS, LLC,

15                       Defendants.

16           On January 9, 2019, the undersigned granted the motion to compel (Dkt. 178) of Plaintiff

17  LVB-Ogden Marketing, LLC ("LVB") Dkt. 211. Pursuant to the Court's Order, Defendants

18  David S. Bingham, Sharon Bingham, Christopher Bingham, Cherish Bingham, Kelly Bingham

19  (the "Bingham Defendants"), Bingo Investments, LLC ("Bingo"), CCRB Enterprises, LLC

20  ("CCRB"), SSKB Enterprises, LLC ("SSKB"), Park Place Motors, Ltd. ("Park Place"), Hytech

21  Power, Inc. ("HTP" or "HyTech"), and Henry Dean, as Trustee for the Sharon Graham Bingham

22  2007 Trust ("the Trustee") were ordered, *inter alia*, to produce by January 14, 2019, complete

23  answers to specified interrogatories and produce all non-privileged documents within their

ORDER GRANTING PLAINTIFF'S *EX PARTE*
MOTION TO COMPEL AND SANCTIONS - 1

possession, custody, or control. The Trustee was required to submit a privilege log for any

documents withheld on the basis of privilege. *Id.*, ¶ 8. Defendants were also ordered to certify

under penalty of perjury: (i) which email accounts were searched (and that those accounts have

been preserved) and each step taken to conduct such search; (ii) the date range of such search;

and (iii) that all responsive communications and documents in their possession, custody, and

control have been produced. *Id.*, ¶ 11. When Defendants failed to comply with that deadline,

LVB filed a motion for order requiring compliance. Dkt. 225. The Court granted the motion and

again ordered the Defendants to comply with the Court's January 9, 2019 Order, this time with a

deadline of January 28, 2019. Dkt. 242. LVB is again before the Court seeking an *ex parte* order

compelling Defendants to comply with the undersigned's previous orders. Dkt. 248.

This motion was referred to the undersigned by the Honorable Thomas S. Zilly pursuant

to 28 U.S.C. § 636(b)(1)A) and Local Magistrate Judge's Rule MJR 3. For the reasons discussed

herein, LVB's motion is **GRANTED**.

## DISCUSSION

Discovery orders may be enforced against Defendants under Rule 37(b)(2)(A):

**For Not Obeying a Discovery Order**. If a party or a party's officer, director, or
managing agent . . . fails to obey an order to provide or permit discovery, including an
order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue
further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as
established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or
defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit
to a physical or mental examination.

ORDER GRANTING PLAINTIFF'S *EX PARTE*
MOTION TO COMPEL AND SANCTIONS - 2

Fed. R. Civ. P. 37(b)(2)(A). Courts routinely grant sanctions under Rule 37(b) when parties repeatedly fail to comply with discovery orders. LVB contends Rules 37(b) sanctions against Defendants are warranted in this case because:

      1)     The Bingham Defendants, Bingo Investments, CCRB, and SKBB did not provide any further response or file any amended certifications. Dkt. 248-2, Declaration of Jonathan J. Faria, ¶ 2. This is despite the Court's ruling that the Defendants had unreasonably narrowed their searches to two search terms and the Court's Order that "all additional responsive, non-privilege emails should be produced immediately" and in no event later than January 28, 2019. Dkt. 242, pp. 3, 4.

      2)     Defendant HyTech was ordered to "search Mr. Dean's email account at HyTech, produce all responsive, non-privileged emails from that account and any other account that may include responsive emails, and certify under penalty of perjury: (i) that the email account was searched (that the account has been preserved) and each step taken to conduct such search; (ii) the date range of such search; and (iii) that all responsive communications and documents in HyTech's or Mr. Dean's possession, custody, and control have been produced." Dkt. 242, p. 4. No certification under penalty of perjury was provided. And no complete production was made. Instead, HyTech unilaterally limited LVB's requests to the year 2018 only and produced only four emails. Dkt. 248-2, Faria Ex. A. It also failed to produce attachments to e-mails. *Id.*, Faria Decl. ¶ 8. It also ignored the Court's instruction about "any other account that may include responsive emails" and unreasonably limited its search to just Jason Jennings and Mr. Dean, when its own e-mail demonstrates that additional custodians Phil Jennings, Doug Durst, and Thomas Mentele clearly have knowledge of money flowing into and out of the company, and

1    whose knowledge (or lack thereof) of transfers between HyTech and the Trust would be relevant

2    here. *Id.*, Exs. D-G (example e-mails).

3            3)     Defendant Henry Dean, as Trustee, also failed again to meet the Court's January

4    28th deadline. Instead, LVB received an e-mail on January 28, 2019 stating, "[w]e are continuing

5    to review the materials" (Dkt. 248-2, Faria Ex. B), along with a "privilege log", which contains

6    no statement or explanation of any basis for privilege for the over more than 2,000 documents

7    the Trustee is withholding, and is limited to only one of Mr. Dean's e-mail accounts. *See id.*,

8    Faria Ex. C. The "log" is simply "To/From/Subject/Date" e-mail metadata extracted from the

9    withheld emails. However, the log contains no explanation of the basis for the privilege,

10   including emails with subject lines such as: "Pope plays Golf?," "Stormy Daniels lawyer faces

11   his own financial scrutiny," "Your dog groomer?," and "THIS NEVER HAPPENS AT MY

12   DRY CLEANER." *Id*. at 22, 24-25, 231. On January 29, 2019, after the Court's deadline,

13   Defendant Dean sent an e-mail claiming that more of the withheld e-mail was being produced.

14          Having reviewed LVB's *Ex Parte* motion, the Court finds LVB has shown good cause

15   for an order to compel compliance and for sanctions. Accordingly, the Court **ORDERS**:

16           1.     Defendants have not fully complied with the Court's January 9, 2019 (Dkt. 211)

17   and January 22, 2019 (Dkt. 242) Orders and must fully comply with these Orders immediately

18   and, in any event, not later than **Friday, February 1, 2019** by close of business. Defendants are

19   hereby warned that failure to fully comply by **Friday, February 1, 2019** may be grounds for

20   further sanctions, including terminating sanctions – **full compliance requires**:

21          •     Each defendant must search for and produce all responsive documents subject to
22   the Court's previous orders, and certify under penalty of perjury (i) that they have done
     so, and (ii) describe the steps taken to confirm they have done so.

23          •     Defendant HyTech Power must produce all e-mail attachments missing from
     documents previously produced, all responsive e-mail from Henry Dean's account for

ORDER GRANTING PLAINTIFF'S *EX PARTE*
MOTION TO COMPEL AND SANCTIONS - 4

2010 to the present, and all responsive e-mail from the accounts of Phil Jennings, Doug Durst, and Thomas Mentele.

• The Trustee must produce all documents currently being withheld that do not appear on the Trustee's privilege log. The Trustee must also produce a complete privilege log for all documents being withheld, including a column explaining the subject matter of the communication and basis for withholding the document as privileged.

2. LVB's obligation to oppose any summary judgment motions in this proceeding is hereby **CONTINUED** to the later of (i) March 22, 2019 or (ii) when full compliance with this Order has been certified.

3. Monetary sanctions are hereby **ORDERED** against Defendants David Bingham, Sharon Bingham, Chris Bingham, Cherish Bingham, Kelly Bingham, Bingo Investments, CCRB Enterprises, SKBB Enterprises, HyTech Power and the SGB 2007 Trustee, or their respective counsel, in the amount of **$1,000.00 per Defendant**, to be paid to LVB and delivered to LVB's counsel before the end of business on **Friday, February 8, 2019**. This monetary sanction is in addition to any attorney fees LVB may be awarded for bringing three motions to compel.

4. LVB's motion for an order declaring that Defendants shall be prohibited from disputing that any transfers in which they were involved were fraudulent transfers as a sanction for their repeated non-compliance with this Court's discovery orders, is **DENIED** at this time. However, should Defendants fail to comply in full with this Order, the Court will recommend terminating sanctions.

DATED this 31st day of January, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S *EX PARTE*
MOTION TO COMPEL AND SANCTIONS - 5