UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| O'DONNELL/SALVATORI INC., | |
| Plaintiff, | Case No. C20-882-MLP |
| v. | ORDER |
| MICROSOFT CORPORATION, | |
| Defendant. | |

## I.   INTRODUCTION

This matter is before the Court on Defendant Microsoft Corporation's ("Microsoft") motion to seal Exhibit B to its verification of state court records. (Mot. (Dkt. # 13).) Plaintiff O'Donnell/Salvatori, Inc. ("ODS") did not submit an opposition[1] and Microsoft filed a reply (dkt. # 15). For the reasons discussed below, Microsoft's motion is GRANTED.

## II.   BACKGROUND

ODS and Microsoft entered into an Independent Contractor Agreement that subsequently had five amendments ("ICA and Amendments") to manage the creation and delivery of certain

---

[1] Microsoft certified that its counsel reached out to counsel for ODS to meet and confer regarding this motion. (Mot. at 3.) Counsel for ODS did not respond, however, Microsoft notes ODS stipulated to filing the same material under seal in state court.

ORDER - 1

music for Microsoft's Halo video games. (Compl. (Dkt. # 1-3 at ¶ 9).) ODS initiated this action in King County Superior Court in March 2020 based on allegations that Microsoft breached the ICA and Amendments by failing to pay ODS pursuant to the negotiated terms and by engaging in other unlawful conduct. (*Id.* at ¶¶ 24-31.) ODS filed its complaint, which describes and attaches a copy of the ICA and Amendments, in the public record. ("Yarger Decl." (Dkt. # 12-1) ¶ 3.) The ICA and Amendments contain royalty rates and other commercially sensitive non-financial terms, which Microsoft states it has expended a substantial amount of time and effort into creating, developing, and negotiating. (*Id.* at ¶¶ 3, 4.)

ODS and Microsoft submitted a stipulated motion to seal portions of the ICA and Amendments that contain competitively sensitive negotiations in state court. (Dkt. # 1-6.) The state court evaluated the motion as a motion to redact and found Microsoft demonstrated a specific and compelling need to preserve secrecy that outweighed the public's general right to access unredacted copies of the materials. (*Id.*)

Microsoft filed a partial motion to dismiss the complaint in state court on May 12, 2020. (Dkt. # 1-7.) ODS submitted an opposition to the motion that discusses the same commercially sensitive portions of the ICA and Amendments. The opposition also includes a declaration with the following exhibits: (1) an email string between counsel for ODS and counsel for Microsoft reflecting sensitive parts of the ICA and Amendments; and (2) copies of reports reflecting royalties paid to ODS that include royalty rates from the ICA and Amendments. (Verification (Dkt. # 1-8), Ex B. at 50-117.) ODS moved to seal the sensitive parts of the agreements and exhibits and Microsoft joined ODS's motion. (*Id.*, Ex. A at 167-71, 230.)

Microsoft removed this matter to the United States District Court for the Western District of Washington on June 8, 2020. (Dkt. # 1.) Microsoft filed its verification of state court records

with two exhibits. (Dkt. # 12.) Exhibit A contains documents filed publicly in the state court, including documents with redactions of sealed material. (Dkt. # 12-1.) Exhibit B contains documents subject to the joint motion to seal pending in state court at the time Microsoft removed this matter, and sealed documents from the state court record. (Dkt. ## 12-2, 14.) Microsoft's instant motion requests the Court seal Exhibit B to its verification of state records.

### III. DISCUSSION

#### A. Legal Standards

Under the Court's Local Rules, "[t]here is a strong presumption of public access to the court's files." Local Civil Rule 5(g); *see also Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978). To rebut this presumption, a party must file a motion that includes "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." Local Civil Rule 5(g)(3)(B). Thus, the burden is on the moving party to come forward with an applicable legal standard justifying the sealing of the documents at issue and to produce evidentiary support showing that the standard is met. *See id.*

The Ninth Circuit has clarified that the standard for determining whether to seal a record turns on whether the records are "more than tangentially related to the merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp.,* 809 F.3d 1092, 1098-1102 (9th Cir. 2016). If the records at issue are more than tangentially related to the merits of the case, the court must apply the "compelling reasons" standard to the motion to seal. *See id.* If the records are only tangentially related to the merits, the party seeking to seal the records need only show "good cause" to seal those records. *See id.*

Here, Microsoft argues the compelling reasons standard applies because the material it seeks to seal is part of the complaint, which is more than tangentially related to the underlying cause of action. (Mot. at 3.) The Court agrees. Under the "compelling reasons" standard, the party seeking to seal judicial records bears the burden of "articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations and quotation marks omitted). "In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179. Then, "if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.*

"In general, 'compelling reasons' … exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to … release trade secrets." *Kamakana,* 447 F.3d at 1179 (citing *Nixon,* 435 U.S. at 598). The Ninth Circuit has adopted the Restatements' definition of "trade secret" for purposes of sealing, holding that "[a] 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Electronic Arts,* 298 Fed. App'x 568, 569-70 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b). Additionally, "compelling reasons" may exist if sealing is required to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Id.* at 569 (9th Cir. 2008) (citing *Nixon,* 435 U.S. at 598)

ORDER - 4

      Microsoft asserts the material it seeks to seal is competitively sensitive to and trade secrets of Microsoft, and that the information derives independent economic value from its secrecy. (Mot. at 4.) Microsoft also asserts it takes reasonable measures to maintain its confidentiality and disclosure of this information would put it at a competitive disadvantage in the video game music marketplace. (*Id.*) Microsoft further asserts it has tailored its request. (Mot. at 4.) Exhibit A to Microsoft's verification of state court records contains versions of the filings that redact the material it seeks to seal. (*Id.*) Specifically, Microsoft limited its redactions to excerpts containing information that would allow a third party to determine the numbers and terms in the ICA and Amendments, such as royalty calculations. (*Id.* at 4-5.)

      The Court finds there are compelling reasons to seal Exhibit B to Microsoft's verification of state records. The material appears to be confidential and commercially sensitive, and further reflects trade secrets regarding Microsoft's royalty calculations and negotiations, among other things. Further, disclosure of this material could harm Microsoft's competitive standing in the video game music marketplace. The Court finds these compelling reasons outweigh the public's interest in access to the materials. Given that ODS did not submit an opposition and stipulated to the sealing of this material in state court, the Court finds Microsoft's motion should be granted.

### IV.   CONCLUSION

      For the foregoing reasons, Microsoft's motion (dkt. # 13) is GRANTED. The Clerk is directed to maintain Exhibit B to Microsoft's verification of state records (dkt. # 14) under seal.

      Dated this 13th day of July, 2020.

MICHELLE L. PETERSON  
United States Magistrate Judge