UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| O'DONNELL/SALVATORI INC., | |
| Plaintiff, | Case No. C20-882-MLP |
| v. | ORDER |
| MICROSOFT CORPORATION, | |
| Defendant. | |

**I.   INTRODUCTION**

This matter is before the Court on Plaintiff O'Donnell/Salvatori Inc.'s ("ODS") motion to remand this matter to King County Superior Court. (Mot. (Dkt. # 10).) Defendant Microsoft Corporation ("Microsoft") opposes ODS's motion (Resp. (dkt. # 16)) and ODS filed a reply (Reply (dkt. # 17)). The Court heard oral argument on August 25, 2020. (Dkt. # 22 (8/25/2020 hearing on Motion to Remand).) Having considered the parties' submissions, oral argument, the balance of the record, and the applicable law, the Court DENIES Plaintiff's motion to remand for the reasons discussed below.

ORDER - 1

## II.  BACKGROUND

Martin O'Donnell and Michael Salvatori formed ODS to create original music and provided audio related services for videogames. (Compl. (Dkt. # 1-3) at ¶ 8.) On August 28, 2002, Microsoft commissioned ODS, through an Independent Contractor Agreement ("ICA"), for the creation and delivery of audio compositions and incidental music for Microsoft's Halo videogames. (*Id*. at ¶ 9.) For the original Halo videogame, ODS composed a core musical theme reminiscent of a Gregorian chant that became iconic and well-known as the videogame's popularity grew. (*Id*.) The ICA was amended five times between 2003 and 2009. (*Id.* at ¶¶ 10-23.) The amendments addressed royalties that ODS was set to receive and work that ODS was contracted to complete on additional Halo game installments. (*Id*.) In 2005, the parties executed a "Confirmatory Work-Made-for-Hire and Backup Assignment Agreement" which they attached and expressly incorporated into the second amendment to the ICA. (Dkt. # 11, Ex. B.)

ODS initiated this action in King County Superior Court based on allegations that Microsoft breached the ICA and amendments by failing to pay ODS pursuant to the negotiated terms and by engaging in other unlawful conduct. (Compl. at ¶¶ 24-40.) In its complaint, ODS alleges that Microsoft still owes ODS money for use of the Halo music or derivative works and for internal uses of the music for promotional and marketing purposes. (*Id*.) Additionally, ODS alleges Microsoft failed to use its reasonable best efforts to commercially exploit the Halo music. (*Id*.) Based on those allegations, ODS brought six causes of action against Microsoft: (1) breach of contract; (2) breach of fiduciary duty to develop the royalty income in a joint venture; (3) breach of duty to act in good faith and fair dealing; (4) failure to provide an accounting partnership; (5) unjust enrichment; and (6) tortious interference. (*Id*. at ¶¶ 42-74.)

1    On May 12, 2020, Microsoft filed a partial motion to dismiss pursuant to Federal Rule of
2 Civil Procedure 12(b)(6) in the state court matter. (Dkt. # 1-7.) Based on Microsoft's statement
3 of facts, it appears Microsoft assumed the Halo music was work-for-hire. (*Id.* at 3 (citing Compl.,
4 Ex. A, Part I § 3 (Microsoft's Independent Contractor Agreement)).) Microsoft asserted that the
5 breach of fiduciary duty claim should be dismissed because there was no agency relationship
6 between ODS and Microsoft. (*Id.* at 7-8.) Microsoft also argued that it did not owe ODS an
7 accounting because pursuant to the ICA, the parties agreed to have an independent contractor
8 relationship, not a joint venture or partnership, and that ODS's claims for breach of contract,
9 breach of duty of good faith and fair dealing, and unjust enrichment should be dismissed because
10 they are time-barred. (*Id.* at 10-12, 16-17.) Microsoft further argued that ODS's claims of duty of
11 good faith and fair dealing should be dismissed as they would require adding substantive terms
12 to the ICA. (*Id.* at 15-16.) Lastly, Microsoft alleged ODS failed to allege the essential elements
13 of a tortious interference claim. (*Id.* at 12-14.)

14   ODS filed an opposition to Microsoft's partial motion to dismiss. (Dkt. # 1-8.) In ODS's
15 opposition, it argued that the Court should not dismiss ODS's claim for lack of joint venture
16 resulting in a fiduciary relationship because the Halo music did not qualify as work-for-hire. (*Id.*
17 at 10-13.) ODS further asserted that whether the Halo music qualified as a work-for-hire was not
18 determinative of rights relative to the joint venture. (*Id.*)

19   On June 8, 2020, Microsoft filed its answer, defenses, and counterclaim to ODS's
20 complaint (dkt. #1-9) and removed the case to the United States District Court for the Western
21 District of Washington pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 1446, and 1454 (Notice of
22 Removal (dkt. # 1)). Microsoft's counterclaim seeks a declaration that the Halo music qualifies
23 as work-for-hire and that Microsoft qualifies as the author of that work. (Dkt. # 1-9 at 13-14.)

ORDER - 3

### III.  DISCUSSION

#### A.  28 U.S.C. § 1454

"A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1454(a). This provision was "intended to provide federal courts … with a broader range of jurisdiction; that is, with jurisdiction over claims arising under the patent [or copyright] laws *even* when asserted in counterclaims, rather than in an original complaint." *Vermont v. MPHJ Tech. Investments, LLC*, 803 F.3d 635, 644 (Fed. Cir. 2015) (emphasis in original). Courts resolve doubts about a federal court's limited jurisdiction against the exercise of jurisdiction. *Luther v. Countrywide Home Loans Servicing LP,* 533 F.3d 1031, 1034 (9th Cir. 2008) ("A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."). A civil action "arises under" the Copyright Act if: "(1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims." *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.,* 336 F.3d 982, 986 (9th Cir. 2003).[1]

The Court finds ODS's opposition in state court to Microsoft's partial motion to dismiss argued for the first time that the Halo music did not qualify as a work-for-hire, making this matter removable. At oral argument, ODS's counsel acknowledged that "no portion of the

---

[1] ODS analyzes its argument under the test outlined in *Gunn v. Minton*, 568 U.S. 251 (2013), that states federal jurisdiction over a state law claim will lie only if a federal issue is: (1) necessarily raised; (2) actually disputed; (3) substantial; and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. (Mot. at 5.) The Court finds this is not the proper standard as the question of remand turns on whether Microsoft's counterclaim arises under copyright law, regardless of ODS's state claims.

ORDER - 4

complaint put Microsoft on notice that [ODS] would argue that it's not a work-for-hire." (8/25/2020 hearing on Motion to Remand at 24.) ODS instead argued that Microsoft's ownership of the Halo music is undisputed and therefore Microsoft's counterclaim fails to raise an actual controversy or a substantial federal issue. (Mot. at 6.) However, Microsoft's counterclaim seeks declaratory judgement that it is the *author* of every work delivered under the ICA because it qualifies as work-for-hire within the meaning of the Copyright Act. Thus, Microsoft's counterclaim regarding authorship arises under the Copyright Act because it seeks a remedy expressly granted by the Copyright Act and requires an interpretation of the Copyright Act. ODS's counsel also conceded that Microsoft's counterclaim raises a question under the Copyright Act. (8/25/2020 hearing on Motion to Remand.) Specifically, ODS's counsel stated:

> Well, Your Honor, as I said, I will concede that the question of whether this is a work-for-hire does sound in the Copyright Act. So if the question is whether the Copyright Act has been brought up, yes, we do concede that the Copyright Act has been brought up appropriately in the counterclaim. We've never asserted otherwise.

(*Id.* at 5-6.) Further, Microsoft's counterclaim raises an actual controversy because ODS disputes Microsoft's authorship of the Halo music. Accordingly, removal was proper.

The Court notes that nothing in this order precludes ODS from filing a motion to dismiss the counterclaim or to address the issue of supplemental jurisdiction over ODS's state claims.

### B. Timeliness of Removal

A party must remove within thirty days of service of a "pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446(b)(1), (3). 28 U.S.C. § 1454(b) incorporates the time limits provided by § 1446, including the provision that the time limits may be extended at any time for cause shown. If removability is indeterminate from the initial complaint, the thirty-day period does not start. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 693-94 (9th Cir. 2005).

ODS argues Microsoft failed to timely remove this matter because the complaint was filed 71 days before Microsoft submitted its notice of removal and that Microsoft has known its claim of authorship could be at issue since the execution of the assignment of copyrights. (Mot. at 7; Reply at 4.) Microsoft argues it removed this matter within a week of receiving ODS's opposition to its partial motion to dismiss, which was the first time ODS raised the issue of Microsoft's authorship and the Halo music's status as work-for-hire. (Resp. at 10.)

The Court finds Microsoft timely removed this matter after learning a copyright claim was at issue. As discussed above, ODS acknowledged the complaint did not put Microsoft on notice of its argument that the Halo music does not qualify as work-for-hire. Although ODS asserts Microsoft should have known work-for-hire could be an issue since the assignment of copyrights, it appears that neither party questioned or challenged the work-for-hire status until ODS submitted its opposition to the partial motion to dismiss.

Further, even if Microsoft knew its authorship could be at issue when ODS filed its complaint, the Court finds the time limitations should be extended for cause shown pursuant to 28 U.S.C. § 1454(b)(2). First, it is not apparent how the short delay in removing this matter prejudices ODS. Second, there has not been extensive litigation in the state court action and no dispositive motions were adjudicated on the merits before removal. Third, it appears Microsoft filed its counterclaim within a reasonable time after discovering this matter was removable. Accordingly, removal was timely, or, in the alternative, an extension of time for cause shown is warranted.

C. **Waiver of Removal**

"A party, generally the defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that

manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). "In general, 'the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits.'" *Id*. (citing *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989)). Waiver of removal may occur only "after it is apparent that the case is removable." *Id.*

ODS argues Microsoft waived its right to remove this matter by taking action in the state court matter. (Mot. at 8.) Specifically, ODS argues Microsoft propounded discovery requests and filed its partial motion to dismiss. However, Microsoft took these actions before ODS filed its opposition to the partial motion to dismiss and Microsoft removed the matter before the state court issued any ruling on the partial motion to dismiss. Therefore, no motion in the state court action was adjudicated on the merits and Microsoft's discovery requests and partial motion to dismiss were submitted before the matter became removable. Accordingly, Microsoft did not waive its right to remove this matter.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to remand (dkt. # 10) and DENIES ODS's motion for fees and costs.

Dated this 4th day of September, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge