The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| O'DONNELL/SALVATORI, INC., an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>Defendant. | No. 2:20-cv-00882-MLP<br><br>**STIPULATION AND ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter.

The parties began with the District's Model ESI Agreement, and have identified departures from the model in a redlined copy, attached as Exhibit 1.

**A.    General Principles**

1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

STIPULATION REGARDING DISCOVERY OF ESI INFO
(2:20-cv-00882-MLP) - 1
4853-2821-4719v.10 0025936-003219

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

B.  **ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1. <u>Custodians.</u> The five custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control. While the parties here designate five custodians, that number might not suffice, and the parties will meet and confer if adjustment of this number is necessary based on the complexity, proportionality and nature of the case.

2. <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (e.g., shared drives, servers), if any, likely to contain discoverable ESI.

3. <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (e.g., third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

5. <u>Foreign data privacy laws.</u>  Nothing in this Order is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws, *e.g.*, the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679.  The parties agree to meet and confer before including custodians or data sources subject to such laws in any ESI or other discovery request.

C.  **ESI Discovery Procedures**

1. <u>On-site inspection of electronic media.</u> Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

STIPULATION REGARDING DISCOVERY OF ESI INFO
(2:20-cv-00882-MLP) - 2
4853-2821-4719v.10 0025936-003219

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

2. <u>Search methodology.</u> The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

  a. Prior to running searches:

    i. The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party may provide unique hit counts for each search query.  In the event that a receiving party believes that the proposed search terms are insufficient, the parties shall meet and confer to attempt to reach agreement on the producing party's search terms and/or other methodology.

    ii. If search terms or queries are used to locate ESI likely to contain discoverable information, the requesting party is entitled to, within 14 days of the producing party's disclosure, add no more than 10 additional search terms or queries to those disclosed by the producing party absent a showing of good cause or agreement of the parties.

    iii. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided.  A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

  b. After production:

    i. Within 21 days of the producing party notifying the receiving party

STIPULATION REGARDING DISCOVERY OF ESI INFO
(2:20-cv-00882-MLP) - 3
4853-2821-4719v.10 0025936-003219

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

that it has substantially completed the production of documents responsive to a request, the responding party may request no more than 5 additional search terms or queries. The immediately preceding section (Section C(2)(a)(iii)) applies.

    3.    <u>Format.</u>

        a.    ESI will be produced to the requesting party with searchable text, in the following format: generally single-page TIFFs with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files; and native files for Excel documents, PowerPoint slides, and multimedia files.

        b.    Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheets, database, and drawing files, will be produced in native format.

        c.    Each document image file shall be named with a unique production number (Bates Number). Documents produced in native format will be assigned a Bates Number and produced with a corresponding load file. Original file names should be preserved and included in the load file metadata. File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history.

        d.    If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

    4.    <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

    5.    <u>Email Threading.</u>  The parties may use analytics technology to identify email

STIPULATION REGARDING DISCOVERY OF ESI INFO
(2:20-cv-00882-MLP) - 4
4853-2821-4719v.10 0025936-003219

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies.  Upon reasonable request, the producing party will produce a less inclusive copy.

6. <u>Metadata fields.</u> If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged: document type; custodian and duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; email subject (to the extent email subject is not duplicative of title/subject); file name; file size; file extension; date and time created, sent, modified and/or received; and hash value. The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

7. <u>Hard-Copy Documents</u>.  The parties elect to produce hard-copy documents in an electronic format.  The production of hard-copy documents will include a cross-reference file that indicates document breaks and sets forth the Custodian or Source associated with each produced document.  Hard-copy documents will be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI).  Each file shall be named with a unique Bates Number (e.g. the Unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

**D.     Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be

STIPULATION REGARDING DISCOVERY OF ESI INFO
(2:20-cv-00882-MLP) - 5
4853-2821-4719v.10 0025936-003219

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

      2.      The parties will comply with their obligations to supplement under Fed. R. Civ. P. 26(e).

      3.      Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

      a.      Deleted, slack, fragmented, or other data only accessible by forensics.

      b.      Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

      c.      Online access data such as temporary internet files, history, cache, cookies, and the like.

      d.      Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

      e.      Backup data that are duplicative of data that are more accessible elsewhere.

      f.      Server, system or network logs.

      g.      Data remaining from systems no longer in use that is unintelligible on the systems in use.

      h.      Electronic data (e.g., email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E.    Privilege**

      1.      With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs. Parties also are not required to log communications with outside counsel dated after the filing of the complaint.

STIPULATION REGARDING DISCOVERY OF ESI INFO
(2:20-cv-00882-MLP) - 6
4853-2821-4719v.10 0025936-003219

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

2.     Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3.     The parties agree to abide by Fed. R. Civ. P. 26(b)(5) with respect to documents withheld from production on the basis of a privilege or protection.  Any privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. The parties may also meet and confer over other appropriate methods of logging privileged or protected material.  Any privilege logs will be produced no later than 30 days before the deadline for filing motions related to discovery, unless an earlier deadline is agreed to by the parties.

4.     Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

5.     Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection.

STIPULATION REGARDING DISCOVERY OF ESI INFO
(2:20-cv-00882-MLP) - 7
4853-2821-4719v.10 0025936-003219

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

| | | |
|---|---|---|
| 1 | DATED:   November 25, 2020 | Davis Wright Tremaine LLP |
| 2 | | Attorneys for Defendant Microsoft Corporation |

By *s/   Ambika K. Doran*
Ambika K. Doran, WSBA #38237
Xiang Li, WSBA #52306
920 Fifth Avenue, Suite 3300
Seattle, Washington  98104-1610
Telephone:  (206) 622-3150
Fax:  (206) 757-7700
Email:  ambikadoran@dwt.com
             xiangli@dwt.com

DATED:   November 25, 2020         Williams, Kastner & Gibbs PLLC
                                   Attorneys for Plaintiff

By *s/   Mark Lawrence Lorbiecki*
Mark Lawrence Lorbiecki, WSBA #16796
Daniel A. Brown, WSBA #22028
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Email: mlorbiecki@williamskastner.com
            dbrown@williamskastner.com

## ORDER

Based on the foregoing, IT IS SO ORDERED.

DATED: November 30, 2020

_____
MICHELLE L. PETERSON
United States Magistrate Judge

STIPULATION REGARDING DISCOVERY OF ESI INFO
(2:20-cv-00882-MLP) - 8
4853-2821-4719v.10 0025936-003219

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of November, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark Lawrence Lorbiecki, WSBA #16796
Daniel A. Brown, WSBA #22028
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Tel:    (206) 628-6600
Fax:    (206) 628-6611
Email: mlorbiecki@williamskastner.com
            dbrown@williamskastner.com

and I hereby certify that I have electronically mailed the document to the following non CM/ECF participants:

Thomas H. Buscaglia, WSBA #40305
The Game Attorney P.C.
23133 Vashon Highway SW
Vashon, WA 98070
Tel:    (206) 463-9200
Fax:    (206) 463-9290
Email: thb@gameattorney.com

*Attorneys for Plaintiff O'Donnell/Salvatori, Inc.*

DATED at Mercer Island, Washington this 25th day of November, 2020.

By *s/ Ambika K. Doran*
Ambika K. Doran, WSBA # 38237

STIPULATION REGARDING DISCOVERY OF ESI INFO
(2:20-cv-00882-MLP) - 9
4853-2821-4719v.10 0025936-003219

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax