UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| O'DONNELL/SALVATORI INC., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | Case No. C20-882-MLP <br><br> ORDER |

## I.     INTRODUCTION

This matter comes before the Court on Plaintiff O'Donnell/Salvatori, Inc.'s ("ODS") Motion to Compel Microsoft Corporation's Compliance with ESI Order. (Mot. (Dkt. # 82).) The Court has considered the Motion, Response, Reply, and Surreply (dkt. ## 82, 88, 90, 94) and declarations filed in support and opposition to the Motion (dkt. ## 83, 84, 91, 93, 95), as well as the arguments of counsel at a hearing conducted on September 29, 2021. For the reasons stated on the record, and as further explained below, the Court DENIES the motion (dkt. # 82).

## II.     BACKGROUND

Martin O'Donnell and Michael Salvatori formed ODS to create original music and provide audio related services for videogames. (Compl. (Dkt. # 1-3) at ¶ 8.) On August 28, 2002, Microsoft commissioned ODS, through an Independent Contractor Agreement ("ICA"), for the

ORDER - 1

creation and delivery of audio compositions and incidental music for Microsoft's Halo videogames. (*Id*. at ¶ 9.) For the original Halo videogame, ODS composed a core musical theme reminiscent of a Gregorian chant that became iconic and well-known as the videogame's popularity grew. (*Id*.) Generally, the claims in this matter relate to royalties that ODS claims it was to receive from Microsoft for the Halo soundtrack. The dispute currently before the Court, however, involves a disagreement as to the production of documents that "hit" on a search term previously agreed to by the parties.

On November 30, 2020, the Court signed a stipulation regarding the discovery of electronically stored information ("ESI Order") wherein the parties agreed to use search terms to locate ESI likely to contain responsive and discoverable information. (ESI Order (Dkt. # 39) at 3.) On April 13, 2021, and on May 10, 2021, the parties requested the Court's intervention in determining appropriate search terms under the ESI Order. (Dkt. ## 71, 77.) As a result, on May 12, 2021, the parties were able to agree on search terms for Microsoft to use in satisfying its obligations under the ESI Order. (Kumar Decl. (Dkt. # 89) at ¶ 2, Ex. A.) Microsoft thereafter ran the agreed searches and reviewed the documents for privilege as well as responsiveness to ODS's discovery requests.[1] (*Id.* at ¶ 2.) Microsoft's counsel avers that she instructed attorneys reviewing the documents to err on the side of inclusion. (*Id*.)

Microsoft produced documents to ODS on a rolling basis, per the Court's order, making productions on May 17, July 2, August 9, and August 19, 2021. (Kumar Decl. at ¶ 3.) In its relevance review, Microsoft identified a number of documents that were not relevant to a claim or defense in this case. For example, Microsoft withheld emails regarding employees joining the

---

[1] Although Ms. Kumar's declaration stated that Microsoft reviewed the documents to determine if they were "responsive to ODS's discovery requests," at the hearing on this motion, Ms. Kumar confirmed that Microsoft produced all relevant information regardless of whether it was responsive to one of ODS's discovery requests.

ORDER - 2

team, leaving the team, technical issues, and buying a new boat. (*Id.* at ¶ 15 (citing Exs. I-1 through I-7).)

ODS objects to Microsoft's production on the belief that Microsoft was not permitted to conduct a relevance review of the documents that hit on the agreed search terms. Nor does ODS believe that the ESI Order permitted Microsoft to withhold those documents from its production. ODS, accordingly, moves the Court to compel Microsoft to produce all non-privileged documents hitting on the search terms, regardless of whether they are relevant to a claim or defense in this case. (*See generally* Mot.)

### III.     ANALYSIS

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This has been the relevance standard since the 2015 amendments to Rule 26(b)(1).[2] ODS's position essentially is that the relevance standard from the civil rules does not apply to document productions that are the result of the execution of search terms under the

---

[2] The Court once again finds it necessary to remind counsel for ODS that the standard regarding the production of relevant evidence in Rule 26(b)(1) is no longer "reasonably calculated to lead to the discovery of admissible evidence." (*See* Mot. at 6 (quoting the pre-2015 rule noting that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."); *see also* Hearing Transcript, 4/13/2021 (advising Plaintiff's counsel that he was "using a discovery standard from five years ago.").) The Court reasoned at an earlier hearing in this matter that ODS's counsel's "failure to understand that Rule 26 [had] been amended, and is no longer the standard that it needs to be reasonably calculated to lead to the admissibility of evidence, might be one of the problems that we're having here." (4/13/2021 Hearing Tr. at 3.) Yet, despite being on notice of a significant rule change to the Federal Rules of Civil Procedure, ODS's counsel nonetheless continues to cite the old standard.

ORDER - 3

Court's ESI Order and the producing party is not entitled to withhold documents based on relevance. While there is little case law on this issue, the courts that have addressed it have almost uniformly found that a relevance review, and the withholding of irrelevant documents, is appropriate.

As discussed at the hearing, ODS's counsel mistakenly argues that Chief Judge Martinez held in *Ball v. Manalto, Inc.*, that "[c]ourts generally do not allow litigants to both restrict their searches through search terms and manually review the results for responsiveness." (Mot. at 13 (purporting to quote Chief Judge Martinez in *Ball*, C16-1523RSM, 2017 WL 1788425, at *2 (W.D. Wash. May 5, 2017).) However, Chief Judge Martinez did not reach this issue and the above quote is merely Judge Martinez quoting the plaintiff's argument. *Id.* ODS also cites to other cases for this proposition even though these cases directly contradict ODS's argument. *See e.g.,* Mot. at 13 (citing *FlowRider Surf, Ltd v. Pacific Surf Designs, Inc.*, 2016 WL 6522807, at *7-8 (S.D. Cal. Nov. 3, 2016) (finding that the plaintiff did not waive its right to conduct a relevance review by agreeing to run search terms).)

There appears to be only a handful of courts that have addressed this issue. As discussed above, the court in *FlowRider Surf* held that an agreement to run search terms does not waive the producing party's right to object based on relevance nor acquiesce to produce all resulting documents. *FlowRider Surf*, 2016 WL 6522807, at*8 (denying defendant's motion to compel plaintiffs to produce all documents that "hit" on the parties' ESI search terms). Similarly, in *BancPass, Inc. v. Highway Toll Admin., LLC*, the Texas court considered whether the parties' agreement to produce all documents that hit on a particular term actually required the parties to produce non-responsive documents. 2016 WL 4031417, at *3 (W.D. Tex. 2016). The court held

ORDER - 4

that the parties' agreement was a way to simplify and limit the scope of production, but it did not obligate the parties to produce non-responsive documents. *Id.*

Finally, in *Palmer v. Cognizant Tech. Sols. Corp.*, the court addressed a similar motion to produce all documents that hit on a particular search term, holding that production of all search results "is not the standard under Rule 26 . . ., which provides that discovery may be obtained 'regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'" 2021 WL 3145982, at *9 (C.D. Cal. 2021) (quoting Fed. R. Civ. P. 26(b)(1)). "The Court will not compel defendants to produce any document simply because it contains a search term whether or not it is responsive to the discovery request, or, by extension, whether or not it is relevant and proportional to the needs of the action." *Id.*

This Court similarly holds that a party's agreement to run search terms does not waive its right to review the resulting documents for relevance so long as the review can be done in a reasonably timely manner. Here, Microsoft had the ability to hire contract reviewers – who review documents for a living – to conduct a document-by-document review of the production to determine relevance, and was therefore able to conduct the review within a reasonable time frame.[3]

## IV. CONCLUSION

For the reasons set forth above, the Court DENIES ODS's Motion to Compel Microsoft Corporation's Compliance with ESI Order (dkt. # 82).

//

//

---

[3] The question not presented to the Court, however, is whether a party's right to conduct a document-by-document review should be limited based on the time required to conduct the review either by further refining the search terms or producing all documents with an agreement to claw back irrelevant documents.

ORDER - 5

Dated this 1st day of October, 2021.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6