UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

O'DONNELL/SALVATORI INC,

           Plaintiff,

   v.

MICROSOFT CORPORATION,

           Defendant.

Case No. C20-882-MLP

ORDER

## I.    INTRODUCTION

This matter is before the Court on two motions filed by Plaintiff O'Donnell/Salvatori Inc. ("ODS"), in response to the Court's Order filed October 1, 2021, denying ODS's Motion to Compel Microsoft Corporation's ("Microsoft") Compliance with ESI Order. ("Order" (dkt. # 101)). On October 11, 2021, ODS filed a new motion to compel. ("Second Mot. to Compel" (dkt. # 107).) And, on October 20, 2021, ODS filed a motion for clarification of the Order ("Clarification Mot." (dkt. # 110).)[1]

---

[1] As discussed below, the Court has already ruled in Microsoft's favor on the exact issues raised in ODS's Clarification Motion and Second Motion to Compel. Accordingly, the Court finds it prudent to dispose of these motions without waiting for responses from Microsoft.

ORDER - 1

## II. PRIOR MOTIONS

On September 3, 2021, ODS filed a motion to compel Microsoft to produce all non-privileged documents containing the parties' agreed search terms.[2] ("First Mot. to Compel" (dkt. # 82).) In the First Motion to Compel, ODS stated that it had recently served Microsoft with an additional set of requests for production (the "Third RFPs") seeking the same documents at issue in the current motion. (*Id.* at 6-7.) ODS also argued "the Trial Scheduling Order should be amended to accommodate the reasonable development of the compelled discovery." (*Id.* at 19.) In response, Microsoft opposed the First Motion to Compel and sought a corresponding protective order from the Third RFPs, on the grounds that they sought the same documents as the motion itself. ("Microsoft's Resp." (dkt. # 88) at 13-14.)

After briefing on the First Motion to Compel was complete, the Court held oral argument on September 29, 2021. (*See* dkt. # 100). At the conclusion of oral argument, the Court granted "[Microsoft's] motion for a protective order with respect to the third document request" because ODS was simply trying to obtain the documents responsive to the search terms in the ESI agreement, which was the subject of the First Motion to Compel, in a different manner. ("Hearing Tr." (dkt. # 105) at 24.) In addition, the Court explained:

> I am going to deny [ODS's] motion to compel because I do find that Rule 26 does not require that Microsoft produce irrelevant information. I'm going to follow it up, however, with a written order because I do think that it's important that we start establishing some case law on this issue [of] whether or not you should be receiving every document that hits on a search term.

(Hearing Tr. at 24-25.) The Court filed the written order on October 1, 2021, explaining its decision to deny ODS's First Motion to Compel. (*See* Order.)

---

[2] For example, because Microsoft informed ODS that one particular search "yielded 2,347 results," ODS complained that it only received 1,009 documents even though it "was promised 2,347." (First Mot. at 5; *see also id.* at 6 ("ODS maintains that the negotiated terms of the ESI make *all* non-privileged ESI responsive documents discoverable.").)

### III.   CURRENT MOTIONS

ODS's motion for clarification ignores the Court's oral ruling granting Microsoft's motion for a protective order from responding to ODS's Third RFPs. Instead, regarding the September 29, 2021, hearing, ODS makes the mystifying statement that, "[p]er stipulations of the parties, all discussion of the issues was conducted off the record." (Clarification Mot. at 2.) The hearing was conducted on the record with a court reporter and, in response to both parties' transcript requests, the official transcript was posted to the docket on October 5, 2021. (*See* Hearing Tr.) There was no ambiguity in the Court's ruling granting Microsoft's motion for a protective order from responding to the Third RFPs. (Hearing Tr. at 24.)

Finally, ODS contends the Court failed to rule on its motion for an "Amended Trial Schedule to accommodate the incorporation of late-disclosed information into the reports of expert witnesses." (Clarification Mot. at 2.) Because the Court denied ODS's First Motion, there is no late-disclosed information and, thus, no basis for amending the trial schedule.

### IV.   CONCLUSION

For the reasons discussed above, ODS's Clarification Motion (dkt. # 110) is DENIED, including its motion for an amended trial schedule.

ODS's Second Motion to Compel seeks an order requiring Microsoft "to produce the nonprivileged and responsive documents relative to ODS's Third Request for Production and to amend the Trial Schedule to afford sufficient time to review and perform depositions based upon the delayed disclosure of responsive, nonprivileged documents." (Second Mot. to Compel at 2.) The Second Motion to Compel seeks the same relief, on the same grounds, as its Motion for Clarification. Consequently, ODS's Second Motion to Compel (dkt. # 107) is DENIED for the same reasons.

Dated this 22nd day of October, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4