UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| O'DONNELL/SALVATORI INC., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | Case No. C20-882-MLP <br><br> ORDER |

This matter is before the Court on Plaintiff O'Donnell/Salvatori Inc.'s ("ODS") filing, styled as a "Praecipe," requesting "leave of the Court to permit its [two summary judgment] motions to move forward[.]" ("Request" (dkt. # 135-1 at 2).) Defendant Microsoft Corporation ("Microsoft") opposes ODS's Request. (Dkt. # 136.)

On December 30, 2021, ODS filed a motion for summary judgment on the issue of "Microsoft's Counterclaim and Determination of Authorship Rights for Music Works," noting it for January 21, 2022. ("First ODS Mot." (dkt. # 114).) ODS later re-noted this motion for January 27, 2022, "at the request of" Microsoft's counsel. (Dkt. # 118.) On January 20, 2022, the deadline for dispositive motions, ODS filed a motion for summary judgment on the issue of "Breach of Duty of Good Faith and Fair Dealing," and noted its motion for February 11, 2022.

ORDER - 1

("Second ODS Mot." (dkt. # 120).) On that same day, Microsoft filed a motion for summary judgment addressing "ODS's Breach of Contract Claim" and "ODS's Breach of Implied Duty Claim," and also noted its motion for February 11, 2022. (Dkt. # 125.)

The Local Civil Rules provide that "motions for summary judgment . . . shall not exceed twenty-four pages." LCR 7(e)(3). The page limits would be meaningless if parties could file multiple motions for summary judgment. Thus, in order to enforce the page limits, the Rule further provides that, "[a]bsent leave of the court, parties must not file contemporaneous dispositive motions, each one directed toward a discrete issue or claim." *Id*. LCR 7(e)(3) has been interpreted to bar motions "pending" at the same time. *See Delashaw v. Roberts*, 2020 WL 2405405, at *1 (W.D. Wash. May 12, 2020) ("[LCR 7(e)(3)] prohibits multiple pending motions for summary judgment, regardless of the filing date of each motion."); *Puget Sound Elec. Workers Healthcare Tr. v. S. Sound Elec., Inc.*, 2014 WL 2938473, at *1 (W.D. Wash. June 30, 2014) ("[T]he motions are pending at the same time and thus represent contemporaneous dispositive motions."). The First ODS Motion is 21 pages long and the Second ODS Motion is 18 pages long. Together, the First and Second ODS Motion total 39 pages, far in excess of the 24-page limit the Local Rules establish.

ODS argues that, if it had not re-noted the First ODS Motion at Microsoft's request, its two motions would only have been "contemporaneous" for one day because the First ODS Motion was noted January 21, 2022, and the Second ODS Motion was filed January 20, 2022. (Request at 1.) This argument fails to recognize that motions are contemporaneous for as long as they remain pending simultaneously. The noting date is simply the date that a motion is fully briefed and ripe for the Court's consideration. A motion remains pending until the Court rules on

it. The purpose of LCR 7(e)(3), to prevent parties from circumventing page limits, would be eviscerated if parties could file new dispositive motions approximately every four weeks.

Accordingly, the Court DENIES ODS's Request (dkt. # 135-1). Nevertheless, to facilitate the purpose of dispositive motions in streamlining the issues for trial, and recognizing that the dispositive motions deadline has passed, the Court will permit ODS to file a single summary judgment motion that comports with the local rules. Accordingly, the Court STRIKES the First and Second ODS Motions (dkt. ## 114, 120) without prejudice to refiling one motion for summary judgment that comports with the page limits and other filing requirements of the local rules. ODS must file any such motion by **January 31, 2022**, and note it for no later than **February 25, 2022**. The Court also STRIKES as moot Microsoft's opposition to the First ODS Motion (dkt. ## 137-138). The Court understands that this decision impacts Microsoft. Although this opposition may be adapted to any consolidated motion that ODS files, in order to facilitate that process the Court hereby GRANTS Microsoft leave to file an overlength response of up to 34 pages.

Dated this 25th day of January, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge