UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| O'DONNELL/SALVATORI INC, <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | Case No. C20-882-MLP <br><br> ORDER |

## I.   INTRODUCTION

This matter is before the Court on Defendant Microsoft Corporation's ("Microsoft") Motion to Seal. (Mot. (dkt. # 122).) Microsoft seeks to seal its Motion for Summary Judgement (dkt. # 125) and Motion to Exclude the Expert Testimony of Cedar Boschan (dkt. # 131), both filed on January 20, 2022, as well as certain exhibits to the Declarations of Ambika Kumar (dkt. ## 127, 134) that support both motions. (Mot. at 3, 5.) Plaintiff O'Donnell/Salvatori, Inc. ("ODS") did not submit an opposition.[1] For the reasons discussed below, Microsoft's motion is GRANTED.

---

[1] Microsoft certified that its counsel met and conferred by email with ODS's counsel regarding this motion. (Mot. at 3.) Microsoft notes that the parties minimized the number of documents to be sealed to those identified in this motion. (*Id.*)

ORDER - 1

## II. PRIOR MOTIONS

The Court previously entered an Order granting Microsoft's Motion to Seal Exhibit B to its verification of state court records. (Dkt. #18.) The Court found that the "material appears to be confidential and commercially sensitive, and further reflects trade secrets regarding Microsoft's royalty calculations and negotiations, among other things," and that "disclosure of this material could harm Microsoft's competitive standing in the video game music marketplace." (*Id.* at 5.) The Court determined that "these compelling reasons outweigh the public's interest in access to the materials." (*Id.*) The Court also granted subsequent motions to seal regarding materials of a similar nature. (*See* dkt. ## 38, 44, 66, 98, 99.)

## III. CURRENT MOTION

The standard for determining whether to seal a record turn on whether the records are "more than tangentially related to the merits of the case." *See Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F3d 1092, 1098-1102 (9th Cir. 2016). If the records are more than tangentially related to the merits of the case, the court must apply the "compelling reasons" standard to the motion to seal. *See id* at 1102. What establishes a compelling reason is "best left to the sound discretion of the trial court." *Id.* at 1097.

Here, Microsoft contends the compelling reasons standard applies because the records are more than tangentially related to the merits of the case, and the standard is met because the materials it seeks to seal are competitively sensitive to Microsoft. (Mot. at 5.) The Court agrees. "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Additionally, "compelling reasons" may exist if sealing is

required to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Id.* at 569 (9th Cir. 2008) (citing *Nixon*, 435 U.S. at 598).

Microsoft asserts that the materials quote and characterize contractual language of the parties' Independent Contractor Agreement, including royalty rates and party obligations, and that this information was previously sealed by the Court. (Mot. at 3.) Microsoft also asserts the materials it seeks to seal are competitively sensitive to Microsoft, and that the information detailing licensing terms and earnings provide insight to future counterparties in negotiations. (*Id.* at 4.) Microsoft further asserts that it has spent substantial time and effort developing and maintaining the information's confidentiality and disclosure of this information would both put Microsoft at a competitive disadvantage in the video game music marketplace as well as jeopardize existing relationships with other third parties. (*Id.* at 4-5.)

Microsoft asserts it has tailored its request. (*Id.* at 3, 5.) Specifically, Microsoft limited its proposed sealing to portions of its briefs and certain exhibits that (1) contain references to already-sealed contractual languages and descriptions of already-sealed royalty rates; and (2) disclose financial performance and reference licensing terms and other agreements with third parties. (*Id.* at 3-5)

The Court finds there are compelling reasons to seal both the Motion for Summary Judgement and Motion to Exclude the Expert Testimony of Cedar Boschan, as well as the specified exhibits that support these motions. The materials appear to be confidential and commercially sensitive and further reflect trade secrets regarding Microsoft's royalty calculations, licensing terms, and negotiations, among other things. Further, disclosure of this material could harm Microsoft's competitive standing in the video game music marketplace. The

ORDER - 3

1  Court finds these compelling reasons outweigh the public's interest in access to the materials.

2  Given that ODS did not submit an opposition and these materials are akin to other materials

3  previously sealed by the Court, the Court finds Microsoft's motion should be granted.

4              IV.     CONCLUSION

5       For the foregoing reasons, Microsoft's motion (dkt. # 122) is GRANTED. The Clerk is

6  directed to maintain the following materials under seal: (1) unredacted copy of Microsoft's

7  Motion for Summary Judgement (dkt. # 125); (2) unredacted copies of Exhibits 4, 16-17, 19, and

8  33 to the Declaration of Ambika Kumar (dkt. # 127); (3) unredacted copy of Microsoft's Motion

9  to Exclude the Expert Testimony if Cedar Boschan (dkt. # 131); and (4) unredacted copies of

10 Exhibits B, D, E, and J to the Declaration of Ambika Kumar (dkt. # 134).

11      Dated this 18th day of February, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge